UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY HODGES,

    Plaintiff,                                  Case No. 12-11181
                                               Honorable Denise Page Hood

v.

CITY OF DETROIT and WAYNE COUNTY
TREASURER,

    Defendants.
_____/

## OPINION AND ORDER REGARDING VARIOUS MOTIONS
## AND DISMISSING ACTION

**I.    BACKGROUND**

On March 16, 2012, Plaintiff Larry Hodges ("Hodges") filed the instant suit against Defendants City of Detroit and the Wayne County Treasurer. The Court allowed Hodges to proceed *in forma pauperis*. The Complaint alleges that Defendants conspired to commit constitutional deprivation of Hodges' right to own and enjoy property without proper due process. Hodges alleges that his property is eligible for a 100% exemption from property taxes since his gross income was at 50% or lower below the poverty level set by Defendants. (Comp., ¶¶ 1-2) Hodges seeks an order from this Court for Defendants to honor the poverty exemption during 2007 through 2009 which caused the records to falsely appear Hodges owed delinquent taxes, in addition to monetary relief. (Comp., Relief, ¶¶ 1-2)

Both Defendants filed Answers to the Complaint. Various motions have now been filed, including a Motion to Dismiss by Defendant Wayne County Treasurer, concurred in by the City of Detroit, asserting that this Court lacks subject matter jurisdiction over the Complaint. Other motions

filed by Hodges has also been filed. Because this Court's subject matter jurisdiction has been raised, the Court will first address Defendant Wayne County Treasurer's Motion to Dismiss. A hearing was held on the matter on June 13, 2012.

## II. ANALYSIS

### A. Wayne County Treasurer's Motion to Dismiss

#### 1. Standard of Review

Rule 12(b)(1) provides for a motion to dismiss for lack of jurisdiction over the subject matter of the claim. In order to defeat a motion under 12(b)(1), the plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is "substantial." A federal claim is substantial unless "prior decisions inescapably render [it] frivolous." *Transcontinental Leasing, Inc. v. Michigan National Bank of Detroit*, 738 F.2d 163, 165 (6th Cir. 1984). In short, when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made. *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1248 (1996). A complaint which fails to state a claim upon which relief may be granted must also be dismissed under Rules 8(a)(2) and 12(b)(6) of the Rules of Civil Procedure. *See, Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009) ("bare assertions ... amount[ing] to nothing more than a 'formulaic recitation of the elements' of a constitutional discrimination claim," for the purposes of ruling on a motion to dismiss, are not entitled to "an assumption of truth."). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972). A *pro se* litigant "must conduct enough investigation to draft pleadings that meet the requirements of the federal rules." *Burnett v. Grattan,* 468 U.S. 42, 50 (1984).

### 2. Anti-Injunction Act

The Wayne County Treasurer argues that the case should be dismissed because this Court lacks subject matter jurisdiction over the Complaint under the Anti-Injunction Act, 28 U.S.C. § 1341. Hodges responded to this motion by filing a Motion to Strike the Affirmative Defenses and the Motion to Dismiss.

The property at issue is located at 1460 Montclair, Detroit, Michigan. The property was foreclosed for non-payment of delinquent property taxes for years 2007, 2008, 2009 and 2011, for a total balance due to date of $5,555.57. The Judgment of Foreclosure was issued by the Wayne County Circuit Court on April 2, 2012. (*See*, Doc. # 20, Ex. 1)

The Anti-Injunction Act, 28 U.S.C. § 1341 provides,

> The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

28 U.S.C. § 1341. The district court lacks jurisdiction to grant either declaratory or injunctive relief if the state provides a plain, speedy and efficient remedy. *California v. Grace Brethren Church,* 457 U.S. 393, 408 (1982); *Dominion Nat'l Bank v. Olsen,* 771 F.2d 108, 114 (6th Cir. 1985). The requirement is satisfied if the state affords a full hearing and judicial determination at which all constitutional objections to the tax may be raised. *Grace Brethren,* 457 U.S. at 411. A plaintiff bringing the action bears the burden of establishing jurisdiction after a defendant has challenged

jurisdiction. *Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 915 (6th Cir. 1986).

In Michigan, a poverty tax exemption is provided under Michigan's General Property Tax Act, M.C.L. § 211.7u. A property owner may apply for the exemption, seek review of any denial to the Board of Review by July 31 of the year in which the exemption is sought, with a right to appeal to the Michigan Tax Tribunal, and further right for review to the Michigan Court of Appeals. M.C.L. §§ 211.7u; 211.53c; 205.731; 205.753(1). The county is given the authority to bring foreclosure proceedings in order to enforce delinquent property taxes. M.C.L. § 211.78. Foreclosure actions are brought before the clerk of the circuit court where the property is located. M.C.L. § 211.78h.

Based on these statutes, Michigan affords property owners full hearing and judicial determination as to Hodges' claim that he is entitled to a poverty exemption and to any foreclosure actions brought by a county enforcing delinquent property taxes. Hodges has not alleged that the review available regarding denial of requests for exemptions or the actions regarding foreclosure proceedings brought before Michigan's circuit courts are not plain, speedy and efficient remedies. Hodges did not allege in his Complaint that he went through the review process regarding his claimed poverty exemption. Hodges asserts in his Complaint that Defendants "deployed" the Circuit Court to take away his right to own and enjoy his property. (Comp., § 3) Hodges was able to bring any defenses against the foreclosure action before the Wayne County Circuit Court. A plaintiff fails to carry the burden of establishing an adequate remedy to challenge the assessment or collection of real property taxes given Michigan's laws providing judicial review. *See, Williams v. County of Oakland,* 2011 WL 3583286 at *2 (E.D. Mich. Aug. 12, 2011)(Hood; order denying Motion for Preliminary Injunction).

After reviewing Hodges' allegations in his Complaint, the Court finds it lacks subject matter jurisdiction to enjoin or issue declaratory relief as to any actions by the courts in Michigan regarding Hodges' foreclosed property or claimed poverty exemptions. The Complaint must be dismissed.

### B.  Remaining Motions filed by Plaintiff/Motion to Amend Complaint

Because the Court lacks subject matter over the claims raised by Hodges in his Complaint, the remaining motions filed by Hodges must be denied. It is noted that Hodges filed a Motion to Amend Complaint after the hearing held in this matter. The proposed Amended Complaint generally alleges Defendants committed fraud upon the Wayne County Circuit Court.

Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) further provides that a party may amend its pleading on leave of court. Leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, if a complaint cannot withstand a motion to dismiss under Rule 12(b)(6), the motion to amend should be denied as futile. *Rose v. Hartford Underwriters Ins. Co.,* 203 F.3d 417, 420 (6th Cir. 2000).

Rule 9(b) of the Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To meet this requirement, the complaint must: 1) specify the statements that the plaintiff contends were fraudulent; 2) identify the speaker; 3) state where and when the statements were made; and 4) explain why the statements were fraudulent." *Louisiana School Employees' Retirement System v. Ernst & Young,* 622 F.3d 471, 478 (6th Cir. 2010).

The Court finds Hodges failed to allege with specificity the statements Hodges claims are fraudulent, other than asserting that the Defendants fabricated and presented false documents to the

Wayne County Circuit Court and that the court failed to provide a full evidentiary hearing on the matter. The Court finds that these allegations do not sufficiently state a claim of fraud by Defendants. In addition, the Court has no authority to review the rulings before the Michigan state courts as to Hodges' property exemption requests or the subsequent foreclosure action resulting from non-payment of taxes. Hodges' Motion to Amend the Complaint is denied as futile since the allegations cannot withstand a motion to dismiss for failure to state a claim upon which relief may be granted.

### III.   CONCLUSION

The Court finding that the Complaint must be dismissed for the reasons set forth above, accordingly,

IT IS ORDERED that Defendant Wayne County Treasurer's Motion to Dismiss (No. 8, 4/17/12), concurred in by Defendant City of Detroit, is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction (No. 6, 4/16/12) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Answer to Complaint and the Motion to Dismiss (No. 11, 5/1/2012) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Delay Hearing of Motion to Dismiss and Motion to Strike (No. 16, 5/24/12) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Compel (No. 19, 6/12/12) is DENIED.

IT IS FURTHER ORDERED that Defendant Wayne County's Motion to Supplement the Motion to Dismiss (No. 20, filed 6/14/12) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Amend/Correct the Complaint (No. 21, 6/18/12) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (No. 22, 7/10/12) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Court Ordered Settlement Conference (No. 24, 7/30/12) is DENIED.

IT IS FURTHER ORDERED that Defendants City of Detroit and Wayne County Treasurer are DISMISSED and this action is DISMISSED with prejudice.


                                          S/Denise Page Hood
                                          Denise Page Hood
                                          United States District Judge

Dated: July 31, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2012, by electronic and/or ordinary mail.

                                          S/LaShawn R. Saulsberry
                                          Case Manager